UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFERY C. ARCHANGEL, § | |
|    *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:24-cv-03436 |
| § | |
| CITY OF HOUSTON, TEXAS; § | |
| DAVID J. CROWDER; and § | |
| ALEXANDER S. VINOGRADOV, § | |
|    *Defendants*. § | |

## DEFENDANT CITY OF HOUSTON'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(1), FED. R. CIV. P.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Comes now Defendant, the City of Houston ("the City"), and files this Motion to Dismiss the Complaint of Plaintiff, Jeffery C. Archangel [Doc. #1], pursuant to Fed. Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction, respectfully showing the following in support

### NATURE AND STAGE OF PROCEEDING

Plaintiff filed this complaint asserting claims under 42 U.S.C. Section 1983 against the City of Houston and two individual defendants. The City moves to dismiss pursuant to Rule 12(b)1 for lack of subject matter jurisdiction and has also filed a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted [Doc. #9].

### STANDARD OF REVIEW

Subject-matter jurisdiction is inherently a threshold matter. *Steel Co v Citizens for a Better Environment*, 523 US 83, 94–95 (1998), (quoting *Mansfield, Coldwater & Lake Michigan Railway Co v Swan*, 111 US 379, 382 (1884)). This is because "[f]ederal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations

omitted).  A decision to hear a case that's beyond the subject-matter jurisdiction of a federal court isn't a "mere technical violation," but is instead "an unconstitutional usurpation" of power. Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 3522 (West 3d ed April 2022 update).

Consideration of a Rule 12(b)(1) motion isn't limited simply to the facts pleaded in the complaint but may instead include any evidence submitted by the parties, such as affidavits, testimony, and documents.  *Kasali v FBI,* 2017 WL 6343654, *2 (S.D. Tex. 2017); *Paterson v Weinberger,* 644 F2d 521, 523 (5th Cir 1981).  Discretion also exists to weigh any competing evidence based on credibility assessments.  *Williamson v Tucker,* 645 F2d 404, 413 (5th Cir 1981) (citation omitted).

Dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim."  *In re Federal Emergency Management Agency Trailer Formaldehyde Products Liability Litigation*, 668 F3d 281, 286 (5th Cir 2012) (quoting *Home Builders Association Inc v City of Madison*, 143 F3d 1006, 1010 (5th Cir 1998) (internal quotations omitted)).  Indeed, a presumption against subject matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court."  *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

**MOTION FOR JUDICIAL NOTICE**

The City moves for the Court to take judicial notice of public records including Harris County District Clerk records for the criminal proceedings the subject of Plaintiff's complaint, and Houston Police Department Offense Reports, attached as Exhibits to the City's Rule 12(b)(6) motion to dismiss, which are incorporated by reference herein [Doc. #9].

Consideration of a motion to dismiss under Rule 12(b)(1) is not limited to the pleadings, and the Court may consider and weigh evidence.  When deciding a motion to dismiss a district court may "consider matters of which they may take judicial notice." *Id.*  "A judicially noticed fact

must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). *Funk*, 631 F.3d at 783. The court *must* take notice of a fact if "a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c)(2). "It is well-established that a Court may consider matters of public record in assessing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss."[1] Finally, the Court should consider documents attached to the defendant's motion that are referenced in the complaint and central to the Plaintiff's claims, including the offense reports selectively quoted throughout the complaint and the probable cause affidavits by Detectives Crowder and Vinogradov.[2] *See Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 n.3 (5th Cir. 2011) (holding that the district court was not required to convert the motion to dismiss into a motion for summary judgment when it took judicial notice of public records.).

I. **Plaintiff's lack of standing and wholly frivolous claims against the City deprive this Court of subject matter jurisdiction.**

The irreducible constitutional minimum of standing contains three elements. *Lujan v Defenders of Wildlife*, 504 US 555, 560–61 (1992) (multiple citations omitted). First, the plaintiff must have suffered an "injury in fact," an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not "conjectural" or "hypothetical." *Id.* Second, there must be a causal connection between the injury and the conduct complained of; the

---

[1] *Sanchez v. Bank of S. Tex.*, 494 F. Supp. 3d 421, 429 (S.D. Tex. 2020) (citing *Norris v. Hearst* Tr., 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

[2] *See Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 F. App'x 336, 340-41 (5th Cir. 2011) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 n. 10 (5th Cir. 2007)); *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See also, e.g., Harvey v. Montgomery Cty.*, 881 F. Supp. 2d 785, 802 n.1 (S.D. Tex. 2012) (taking judicial notice of police dispatch report on a Rule 12(b)(6) review); *Oliveria v. City of Jersey Vill.*, No. 4:21-CV-03564, 2023 U.S. Dist. LEXIS 51257, at *23 (S.D. Tex. Mar. 27, 2023) ("Officer Defendants could have asked this Court to dismiss Oliveria's Fourth Amendment claims and asked the Court to take judicial notice of Officer Arceneaux's Offense report, ECF No. 39-1, or other charging documents. However, Officer Defendants chose not to do so.").

injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.  *Id.*  Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."  *Id. See also Spokeo Inc v Robins*, 578 U.S. 330, 338 (2016) (citing *FW/PBS, Inc v Dallas*, 493 US 215, 231 (1990)).

"[S]tanding is not, and must not be, a guessing game."  *Kumar v. Frisco Indep. Sch. Dist.,* 443 F. Supp. 3d 771, 788 (E.D. Tex. 2020).  A plaintiff bears the burden of establishing each element and must clearly allege facts at the pleading stage that demonstrate each criterion.  *Id.* (quoting *Warth v Seldin*, 422 U.S. 490, 518 (1975)).

### A.     Plaintiff fails to establish an injury in fact fairly traceable to the City.

Plaintiff sues the City for municipal liability based on "policy, custom or practice," and "supervisory liability," for employing police officers who were inadequately trained and supervised with respect to fundamental investigative techniques and their duty to disclose all material exculpatory and impeachment evidence.  Doc. #1 at -25.  Though he claims reputational damages proximately caused as a result, Plaintiff fails to establish an injury in fact or constitutional violation fairly attributable to the City.

The complaint cites a 2012 TDCAA report about *Brady* obligations and Prosecutorial misconduct, and its statement that at the time, "few law enforcement agencies ha[d] adopted written procedures or policies to insure compliance with *Brady*[,]"and that such training was not included in bi-annual Texas Commission on Law Commission (TCOLE) training at the time.[3] Plaintiff leaps to the conclusion that "[t]he issues noted by TDCAA demonstrate the City of Houston's training failures."  *Id.* at 23 ¶92.  Plaintiff does not plausibly establish a failure to

---

[3] Doc. #1 at 22 ¶¶88-90.

disclose *Brady* evidence attributable to the City.  He claims that after his 2017 arrest, *prosecutors* did not provide his criminal defense attorneys with the following items until 2022:

> (1) The recorded interview of Hilda Vasquez in which she supposedly described the second suspect as aged 18-20 and not 18-25.  Plaintiff was provided the offense reports that documented any recorded interviews, which were kept in the case file.  *See* Docs. #9-10 and #9-11.
>
> (2) Notes from **prosecutors' conversations** with Dent in 2022, not notes or conversations by any HPD detective, which confirm that Dent had indeed identified Archangel form the photo lineup in 2017.

The Supreme Court long ago noted that to satisfy standing under Article III, "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court."  *Lujan*, 504 US at 560 (cleaned up).  The purportedly delayed disclosures are neither fairly attributable to the City nor relevant to the probable cause determinations by the judges or the grand jury that indicted Plaintiff for aggravated robbery and capital murder in 2017.  Doc. #9-1, #9-2, #9-3, #9-4, #9-5, #9-7, #9-10.  The alleged disclosures do not prove the Plaintiff's innocence and did not cause dismissal of charges by the state because of a **"missing witness."**  Docs. #9-13 and #9-14.

Alleged pre-trial delays in disclosing *Brady* information do not implicate any constitutional right.   The Fifth Circuit has stated, "*Brady* is not a discovery rule, but a rule of fairness and minimum prosecutorial obligation." *United States v. Beasley*, 576 F.2d 626, 630 (5th Cir.1978) (citing *United States v. Agurs*, 427 U.S. 97, 107, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976)).  Therefore, *Brady* "is not a pretrial remedy." *See United States v. Garrett*, 238 F.3d 293, 303 (5th Cir.2000) (Fish, J., concurring) (quoting *United States v. Scott*, 524 F.2d 465, 467 (5th Cir.1975)).

Rather, a *Brady* violation becomes a concern for courts only after trial, when courts are able to determine whether a nondisclosure deprived a defendant of a fair trial. *See id.* at 303-04 (citing cases). Plaintiff was neither tried nor convicted. *See* Docs. #9-13 and #9-14.

    **B.    Plaintiff's allegations of negligent investigation or record keeping do not implicate any federal constitutional issue or deprivation.**

Allegations that the City employed "inadequately trained and supervised" officers "with respect to fundamental investigative techniques and their duty to disclose all material exculpatory and impeachment evidence" do not establish deliberate indifference and do not implicate any constitutional or federal right of the Plaintiff.

The Supreme Court has continually held that a plaintiff must plead that his or her constitutional or statutory deprivation resulted from conduct that was intentional or due to deliberate indifference. *See, e.g., Farmer v. Brenan*, 511 U.S. 825, 828-29 (1994); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986) ("The guarantee of due process has never been understood to mean that the State must guarantee due care on the part of its officials."); *Daniels*, 474 U.S. at 328 ("We conclude that the Due Process Clause is simply not implicated by a ***negligent*** act of an official causing unintended loss of or injury to life, liberty, or property.") (emphasis in original). Mere negligent police work does not rise to the level of a constitutional violation. *See, e.g., Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (where plaintiff "had no constitutional right to be protected from [a police officer's] merely negligent conclusion that she was the suspect who had sold him the crack cocaine."); *Herrera v. Millsap*, 862 F.2d 1157, 1160 (5th Cir. 1989) (arresting officers were not liable for mistaken arrest where, as a result of negligence, the plaintiff's name was submitted to grand jury instead of that of the suspect); *Simmons v. McElveen*, 846 F.2d 337, 339 (5th Cir. 1988) (where negligent detention following valid arrest was not actionable under section 1983).

Negligent conduct alone does not amount to a cognizable § 1983 claim. *Daniels v. Williams*, 474 U.S. 327, 332 (1986) ("To hold that injury caused by [lack of due care] is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law."). Instead, Plaintiffs must allege that they were deprived of a right guaranteed to them by the Constitution or other statute. *Id.* at 330 ("[I]n any given § 1983 suit, the plaintiff must still prove a violation of the underlying constitutional right…"); *Thomas v. Sams*, 734 F.2d 185, 190-91 (5th Cir. 1984) ("The first prerequisite to recovery under § 1983 is proof that the plaintiff has been deprived of a right secured by the Constitution and laws of the United States.") (internal quotes omitted). Plaintiff's claim of, at most, negligent transcribing of the suspect's age-range described by a witness, failing to record a photo lineup that was in fact recorded, and failing to go "online" to find a more recent photograph of a suspect instead of using the photo from his current state issued identification (though both pictures are easily identifiable as the same person, with a shaved head versus short dreadlocks), do not implicate any federal claim over which this Court has jurisdiction.

## CONCLUSION AND PRAYER

Defendant, the City of Houston, respectfully prays that the Honorable Court grant this motion and dismiss all the Plaintiff's claims without prejudice for lack of subject matter jurisdiction and grant all other relief to which the Defendant may be justly entitled.

                                            Respectfully submitted,

                                            **ARTURO G. MICHEL**
                                            **City Attorney**

                                            CHRISTY MARTIN
                                            Chief, Torts/Civil Rights Section

By:   */s/ Melissa Azadeh*
                                            MELISSA AZADEH
                                            Senior Assistant City Attorney

*Attorney in Charge*
TBN 24064851
FBN 1090186
Tel. (832) 393-6270
Melissa.Azadeh@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
Fax (832) 393-6259
**ATTORNEYS FOR DEFENDANT**
**CITY OF HOUSTON**

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October 2024, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission, to:

F. Andino Reynal
Reynal Law Firm, PC
917 Franklin, 6th Floor
Houston, Texas 77002
Phone: 713.228.5900
Facsimile: (713) 820-0681
areynal@frlaw.us

*/s/ Melissa Azadeh*
Melissa Azade