IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFERY C. ARCHANGEL, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-03436 |
| | § | |
| CITY OF HOUSTON, TEXAS; | § | |
| DAVID J. CROWDER; and | § | |
| ALEXANDER S. VINOGRADOV | § | |
| *Defendants.* | § | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' CITY OF HOUSTON, CROWDER AND VINOGRADOV MOTIONS TO DISMISS AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

F. Andino Reynal
State Bar No. 24060482
Reynal Law Firm, PC
917 Franklin, 6th Floor
Houston, Texas 77002
Phone: 713.228.5900
Facsimile:(713)820.0681
areynal@frlaw.us

*Counsel for Jeffery C. Archangel*

# **TABLE OF CONTENTS**

Introduction 1

Statement of Facts and Procedural History 2

Argument 4

I.     Legal Standard 4

II.    Mr. Archangel's claim did not accrue until his
criminal cases were dismissed; accordingly,
his complaint was timely filed. 5

III.   Claims against Defendants Crowder and Vinogradov 11

    A.     Mr. Archangel has stated a claim for relief against
Dets. Crowder and Vinogradov for falsifying
probable cause. 11

    B.     Mr. Archangel has asserted a valid §1983 Brady claim
against Dets. Crowder and Vinogradov. 13

    C.     Dets. Crowder and Vinogradov cannot avail
themselves of qualified immunity. 14

IV.   Mr. Archangel satisfied the pleading standard for municipal
liability and it would be premature to dismiss his claim. 15

Conclusion 17

Certificate of Service 18

## INTRODUCTION

Jeffery Archangel, an individual with no prior criminal history, spent years in the Harris County criminal justice system for crimes that he did not commit. His arrests, incarceration, and time on bond were the results of egregious misconduct by Defendants City of Houston and Houston Police Department ("HPD") Detectives A.S. Vinogradov and D.J. Crowder. The misconduct included, but was not limited to, falsifying probable cause affidavits for Mr. Archangel's arrest, withholding exculpatory evidence, and shielding an alternative suspect with ties to law enforcement.

In his amended complaint, Mr. Archangel alleges the following grounds for relief: against all Defendants, § 1983 for falsifying probable cause and failing to disclose material evidence; and against the City of Houston, § 1983 unconstitutional customs, policies and practices and on a municipal and supervisory liability theory.

For reasons more fully further detailed below, the Defendants' Motion to Dismiss pursuant to 12(b)(6), Federal Rules of Civil Procedure, should be denied. Under malicious prosecution precedent, Mr. Archangel's statute of limitations did not begin to run until his claims accrued when his criminal cases were dismissed, on September 16, 2022. Accordingly, Mr. Archangel's complaint was timely filed with this Court on September 13, 2024. Further, Mr. Archangel's complaint contains sufficient factual matter, which if accepted as true, states a plausible claim for relief.

# STATEMENT OF FACTS AND PROCEDURAL HISTORY

**Capital Murder of Javier Flores**

On February 22, 2017, two robbers murdered store clerk Javier Flores at a Subway restaurant ("Flores Murder") in the presence of his mother, Hilda Vasquez, who was also working in the restaurant at that time. Soon after, the same individuals robbed Darrion Dent, the clerk at another, nearby Subway ("Dent Robbery").

HPD Detectives Crowder and Vinogradov were assigned to the Flores capital murder investigation. Upon learning that the same suspects committed the Dent Robbery, they assumed control of that investigation as well.

On April 5, 2017, Det. Vinogradov swore out an affidavit for Jeffery Archangel's arrest on the charge of aggravated robbery for the Dent Robbery. After reciting the facts of the Dent Robbery, Vinogradov averred:

> Affiant received information that Jeffery Archangel was a possible suspect and placed defendant in a six person photo spread. Upon a blinded manner showing to complainant Dent, he positively identified Defendant as one of the suspects involved in the aggravated robbery. Affiant observed that Defendant had similar facial features matching the suspect in the aggravated robbery video.

(Dkt. 18 at ¶57); *see also Ex. A, complaint in cause no. 1546734*. Problematically, Det. Vinogradov's probable cause affidavit statements were demonstrably false for the following reasons: (1) the photo spread was not administered in a blinded manner, (2) Darrion Dent did not positively identify Jeffery Archangel as one of the robbers,

and (3) aside from both robbery suspects being African American, it was impossible to say whether Jeffery Archangel had similar facial features to the suspects depicted in the video.

On April 5, 2017, Mr. Archangel was charged and arrested for the offense of aggravated robbery with a deadly weapon of the second Subway store in trial court cause no. 1546734, in the 174th District Court of Harris County, Texas. Mr. Archangel was subsequently released on bond.

A month later, Det. Crowder swore out an affidavit for the arrest of Jeffery Archangel for the Flores Capital Murder. (Dkt 18 at ¶61); *see also Ex. B, complaint in cause no. 1550214*. Although lengthier, Det. Crowder's affidavit contained many of the same misrepresentations that appeared in Det. Vinogradov's affidavit, including that Dent identified Jeffery Archangel as the unmasked robber. Det. Crowder's affidavit also contained significant omissions, including that both Dent and Vasquez described the robbers as being well under 6' tall, less than 20 years old, skinny, and without any tattoos. In contrast to the eyewitnesses' descriptions of the suspects, Jeffery Archangel was over six feet tall, he had an athletic build, he was 25 years old at the time, and he had a prominent tattoo that covered the entirety of his right hand.

On May 4, 2017, Jeffery Archangel was charged with the offense of capital murder of Javier Flores, trial court cause no. 1550214, in the 174th District Court of

Harris County, Texas. Mr. Archangel surrendered himself to law enforcement the next day.

The detectives' misconduct was not discovered until years later, when Hilda Vasquez's taped interview was finally released to the defense and when the prosecution interviewed Darrion Dent and learned that he had not positively identified Jeffery Archangel as one of the suspects. (Dkt. 18 ¶55-6).

On September 16, 2022, almost five and a half years after his initial arrest, the Harris County District Attorney's Office dismissed both cases against Mr. Archangel. (Dkt. 18 at ¶76*); see also Ex. C, dismissals*.

On September 13, 2024, Mr. Archangel filed his first original complaint. (Dkt. 1).

On December 10, 2024, the Court granted leave for Mr. Archangel to file his first amended complaint. (Dkt. 18, 24).

On December 26, 2024, Defendants filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 24, 26).

## ARGUMENT

### I. Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should only be dismissed if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the complaint, the court "accepts 'all well-pleased facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 556).

A court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). "If … matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

## II. Mr. Archangel's complaint was timely filed because his claim did not accrue until his criminal cases were dismissed.

In their motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Defendants allege that Plaintiff's claims are barred under the two-year statute of limitations for a § 1983 cause of action. Plaintiff agrees that the limitations period is two years; however, Plaintiff disagrees with Defendant's reasoning that Plaintiff's claims are

essentially for false arrest and that his limitations period has run. Rather, the thrust of Mr. Archangel's claims is that his Fourth Amendment rights were violated because he was arrested pursuant to warrants that were the products of flawed police investigation rife with misconduct, including the promulgation of false probable cause affidavits and the suppression of favorable defense evidence. Thus, the claims accrued when the underlying criminal proceedings terminated in Plaintiff's favor on September 16, 2022, which was when the State of Texas dismissed Mr. Archangel's criminal charges. By filing his original complaint on September 13, 2024, Mr. Archangel met the two-year statute of limitations.

Support for Plaintiff on this issue is found in *Fusilier v. Zaunbrecher*, 806 F. App'x 280 (5th Cir. 2020) (not designated for publication). Fusilier's 1983 action was precipitated by the following chain of events. Fusilier was driving his dark green truck when he noticed that a white SUV in front of him was being driven in an erratic and unsafe manner. *Id*. at 281. Fusilier flashed his high beam lights to catch the attention of the SUV driver and perhaps wake her up. *Id*. Fusilier then turned on white LED security lights attached to his truck's front windshield in a further attempt to gain the attention of the SUV driver. *Id*. Fusilier then followed the SUV to a driveway where Fusilier exited his truck and asked the SUV driver whether she was alright. *Id*. The SUV driver happened to be a female lieutenant with a local sheriff's office. *Id*.

The female lieutenant then proceeded to call her office and falsely report that Fusilier had illegally impersonated a police officer and that he had shown her a badge.

*Id*. A warrant issued and Fusilier was arrested. *Id*. He remained in jail for 29 days and then under house arrest for almost six months before a jury acquitted him of the criminal charges at trial. *Id*.

Fusilier filed a 1983 lawsuit alleging that his arrest warrant was signed by a state judge in the usual course; that Fusilier was arrested pursuant to that warrant; that the officer preparing the warrant knew that there was no probable cause to arrest Fusilier; and, that the officer was not honest in her statements that formed the basis for the warrant affidavit. *Id*. at 283. Specifically, Fusilier cited the officer's false statements asserting that Fusilier had displayed a badge to her and that he had pretended to be a police officer. The magistrate judge analogized Fusilier's claim to a false arrest claim and found that it was limitations barred, reasoning that the claim accrued on the day that Fusilier was released from custody rather than the date that the jury acquitted him. *Id*. at 282.

On appeal, the Fifth Circuit held that the magistrate judge erred by analogizing Fusilier's claim to a common law false arrest claim rather than one of malicious prosecution, stating:

> Our circuit's recent case in *Winfrey v. Rogers*, 901 F.3d 483, 492-93 (5th Cir. 2018) is instructive. In that case, the plaintiff alleged that he had (1) been arrested pursuant to a warrant, (2) the warrant issued through the normal legal process, and (3) the warrant application contained "numerous material omissions and misstatements." We said that these allegations reflected the "wrongful institution of legal process." And since his claim was best analogized to common law malicious prosecution, his claim "accrued when his criminal proceedings ended in his favor."

7

*Id*. at 282-83 (citations omitted). The Fifth Circuit concluded that, because Fusilier's claim best fit a malicious prosecution analogy, his claim was timely because it accrued when Fusilier was acquitted by the jury. *Id*.

*Melton v. Waxahachie Police Dept*., No. 3:21-CV-2854, 2022 WL 3636616 (N.D. Tex. Aug. 8, 2022), a case presenting similar claims to those now urged, also provides support that Mr. Archangel's claim is timely. In *Melton*, a federal district court rejected the defendants' characterization of plaintiff's claim as one of false arrest and argument that plaintiff's claim was time barred. The plaintiff in *Melton* commenced a § 1983 action against the Waxahachie Police Department and a detective after the disposition of his criminal charge for assault causing bodily injury – family violence. *Id*. at *1. The plaintiff alleged that his Fourth Amendment rights were violated when he was arrest pursuant to a warrant that stemmed from a flawed police investigation where neither detective "had probable cause without knowingly and intentionally lying or using other than credible witnesses to apply for arrest warrants." *Id*. at *8. The court reasoned that, because plaintiff claimed that he was arrested under a warrant obtained without probable cause, his claim was more like the tort of malicious prosecution; thus, the claim accrued when the criminal proceeding ended in plaintiff's favor and was not limitations barred. *Id*.

Judge Rosenthal's thorough analysis of the limitations issue in *Brown v. City of Houston*, 297 F.Supp.3d 748 (S.D. Tex. 2017), is also instructive. Brown, a former

death row inmate, brought a 1983 action against the City of Houston, the Houston Police Department and some detectives, and the Harris County District Attorney's Office and some of its prosecutors after the trial court dismissed his case following the Court of Criminal Appeals' granting of post-conviction habeas relief in the form of a new trial due to newly discovered exculpatory evidence. *Id*. at 754. Defendants' motions to dismiss argued that Brown's claims were time barred under the two-year statute of limitations because his causes of action accrued when the Texas Court of Criminal Appeals vacated his conviction. *Id*. at 758. In turn, Brown argued that his causes of action accrued when the State dismissed the criminal case against him. *Id*. at 761.

In his 1983 complaint, Brown alleged that the defendants indicted and prosecuted him without probable cause in the face of evidence pointing to another suspect and using testimony that was obtained through coercion. Brown also alleged that the defendants manipulated the evidence to support his conviction and concealed exculpatory evidence. *Id*. at 760. In determining that Brown's 1983 action accrued and that the statute of limitations began to run when his criminal charges were finally dismissed, Judge Rosenthal stated: "In short, Brown alleges that the defendants 'initiated [and] continued the criminal proceedings against him without probable cause,' precisely what the Fifth Circuit in *Aly v. City of Lake Jackson*, 453 Fed. Appx. 538 (2011) described would have been a Section 1983 malicious-prosecution claim under state law." *Id*. at 760-1.

Judge Rosenthal further noted that her decision was consistent with United States Supreme Court precedent in *Heck*:

> This is consistent with *Heck*, which bars premature Section 1983 actions to prevent dual challenges to criminal convictions that could result in inconsistent outcomes. When Brown's conviction was vacated, he faced re-prosecution for the same charges. Had he been allowed to bring his Section 1983 action, Brown could have been litigating the validity of his prosecution civilly while being retried and possibly convicted for the same charges criminally. Because Brown's Section 1983 action depends on the invalidity of his conviction, the action was barred until the criminal proceedings were dismissed. His Section 1983 action was timely filed.

*Id*. at 764.

And finally, *Duncan v. Resendez*, No. 3:23-CV-2058-N-BN, 2024 WL 3166085, at *2 (N.D. Tex. May 21, 2024), defeats Defendants' limitations argument because Duncan asserted Fourth Amendment violations analogous to the common law tort of malicious prosecution, *see Winfrey v. Rogers*, 901 F.3d 483, 492-93 (5th Cir. 2018), *Fusilier*, 806 F. App'x at 282-83, such claims accrued "only once the underlying criminal proceedings [were] resolved in [his] favor," *McDonough v. State*, 588 U.S. 109, 116 (2019)(citations omitted). "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim under § 1983 for malicious prosecution, a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022); *see also Jackson v. City of Houston Police Dep't*, No. 4:22-CV-2805, 2023 WL 4238798, at *3 (S.D. Tex. June 5, 2023).

Based on the foregoing, Mr. Archangel's claim is timely. Plaintiff's cause of

action is more like the tort of malicious prosecution; therefore, it accrued when the trial court dismissed the criminal charges against Plaintiff.

## III. Claims against Defendants Crowder and Vinogradov

### A. Mr. Archangel has stated a claim for relief against Dets. Crowder and Vinogradov for falsifying probable cause.

It is axiomatic that no one may lie in an affidavit. However, when police officers falsify probable cause in order to arrest citizens, such action violates the Fourth Amendment to the United States Constitution and is actionable under § 1983. *Winfrey,* 901 F.3d at 492-93; *Fusilier*, 806 F. App'x at 282; *Melton,* No. 3:21-CV-2854, 2022 WL 3636616, *8.

Defendants Vinogradov and Crowder attempt to shield themselves from liability for misrepresenting and omitting critical facts from their probable cause affidavits. They argue that (1) the independent intermediary doctrine applies and (2) that probable cause would have existed for Jeffery Archangel's arrest in the absence of their lies and omissions. However, neither argument is persuasive.

First, the independent intermediary doctrine only applies when the intermediary, in this case the magistrate or grand jury, is given all the facts and that entity makes a decision free from any taint. *Beuhler v. City of Austin/Austin Police Dep't.*, 824 F.3d 548, 554 (5th Cir. 2016). Here, the gravamen of Jeffery Archangel's claims is that Dets. Vinogradov and Crowder misrepresented the facts and omitted critical information in their probable cause affidavits. Such misconduct tainted the

deliberative process and prompted Jeffery Archangel's wrongful arrest and prolonged incarceration. Therefore, the independent intermediary doctrine is inapplicable.

Second, the arguments of Dets. Vinogradov and Crowder that probable cause existed absent their misrepresentations and omissions must be rejected at this early stage in the proceedings. Jeffery Archangel has made out a valid, specific claim that Dets. Vinogradov and Crowder submitted false probable cause affidavits to achieve Archangel's arrests and prosecutions for aggravated robbery and capital murder. Had the detectives been truthful, Jeffery Archangel would not have spent five and a half years in the criminal justice system.

Specifically, when Dets. Vinogradov and Crowder swore to their probable cause affidavits for Jeffery Archangel's arrests, the only facts that linked Archangel to the crime was that he lived with three other people at the same residence where the getaway car and murder weapon were recovered. However, Jeffery Archangel's mere presence at the scene where evidence was recovered does not constitute probable cause. Further, Jeffery Archangel did not fit the description of either robber as he was much taller, stockier in build, and older than the robbers depicted in the surveillance video. Archangel also had a distinctive tattoo on his hand which was inconsistent with the appearances of the either robber. And finally, the addition of Derrick Welch's self-serving post arrest statement identifying Jeffery Archangel as one of the robbers does not change this analysis.

**B.  Mr. Archangel has asserted a valid § 1983 *Brady* claim against Dets. Vinogradov and Crowder.**

The government's *Brady* obligations extend to favorable material in the possession of law enforcement. Because *Brady* encompasses "evidence known only to police investigators and not to the prosecutor," *Kyles v. Whitley*, 514 U.S. 419, 435, 438-39 (1995), the "prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf … including the police" to achieve compliance with *Brady*. *Strickler v. Greene*, 527 U.S. 263, 280-81 (1999).

It is well established that a §1983 *Brady* due process claim may be asserted against a law enforcement officer based on that officer's failure to disclose favorable material to the prosecution. *See, e.g., Whitlock v. Brueggemann*, 682 F.3d 567, 587-88 (7th Cir. 2012); *Johnson v. Dossey*, 515 F.3d 778, 781 (7th Cir. 2008); *Steidl v. Fermon*, 494 F.3d 623, 627-32 (7th Cir. 2007); *Porter v. White*, 483 F.3d 1294, 1304 (11th Cir. 2007); *Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety*, 411 F.3d 427, 442-43 (3d Cir. 2005) ("Several courts have recognized that police officers and other state actors may be liable under § 1983 for failure to disclose exculpatory material to the prosecutor."); *Villasana v. Wilhoit*, 368 F.3d 976, 978 (8th Cir. 2004); *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001). Unlike prosecutors who enjoy absolute immunity from § 1983 liability based upon claimed *Brady* violations, the liability of police officers sued under § 1983 for *Brady* violations is governed by qualified immunity. *See e.g., Gibson*, 411 F.3d at 433; *Geter v.*

*Fortenberry*, 849 F.2d 1550, 1559-61 (5th Cir. 1988). The essential issue on qualified immunity is whether the defendant violated clearly established federal law. *See e.g., Reichle v. Howards*, 132 S.Ct. 2088, 2093 (2012); *Ashcroft v. al-Kidd*, 131 S.Ct. 2074 (2011); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

C. **Defendants Vinogradov and Crowder cannot avail themselves of qualified immunity because they acted unreasonably in violating Mr. Archangel's constitutional rights.**

While Jeffery Archangel bears the burden to defeat a qualified immunity defense as to Defendants Crowder and Vinogradov, he need not do so at this state in the proceedings. *Anderson*, 845 F.3d at 589-90; *Martone v. Livingston*, No. 4:13-CV-3369, 2014 WL 3534696, at *4 (S.D. Tex. July 16, 2014) ("In the context of a motion to dismiss, the plaintiff's burden is discharged if 'the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'").

Nevertheless, Jeffery Archangel has alleged facts that, if true, show objectively unreasonable violations of clearly established constitutional rights. Specifically, as urged above, Dets. Vinogradov and Crowder falsified their probable cause affidavits in order to achieve Archangel's arrests for aggravated robbery and capital murder. Such action by Defendants violate the Fourth Amendment to the United States Constitution and is an action that any reasonable officer would have known was unconstitutional. Further, the detectives neglected to disclose favorable evidence in violation of Jeffery Archangel's due process rights. The detectives failed to disclose Hilda Vasquez's recorded scene interview where she described the capital murder

suspects in a manner wholly inconsistent with the description that detectives documented in their offense report. Also, the detectives did not disclose witness Darrion Dent's inability to identify Jeffery Archangel from the photospread – a fact that was only discovered years later when the prosecution interviewed Dent.

Accordingly, Defendants are not entitled to qualified immunity on the basis of the facts that Jeffery Archangel has alleged, and their motion to dismiss on such basis should be denied.

IV. **Jeffery Archangel has satisfied the pleading standard for municipal liability, and at this early stage, it would be premature to dismiss his *Monell* claims.**

Jeffery Archangel has alleged sufficient facts for this stage of litigation to overcome dismissal. The pleading standard for municipal liability, which was articulated in *Thomas v. City of Galveston*, 800 F.Supp.2d 826, 843 (S.D. Tex. 2011), and adopted in *Brown v. City of Houston*, 297 F.Supp.3d 748 (S.D. Tex. 2017), recognized the unique circumstances that municipal liability claims present and asserted that it is "exceedingly rare" that a plaintiff would be privy to the specific facts of internal policies before discovery. *Brown*, 297 F.Supp.3d at 776 (citing *Thomas*, 800 F.Supp.2d at 842). Therefore, all that is required is that "a plaintiff suing a municipality must provide fair notice to the defendant" of the claims asserted. *Id*.

To this point, Judge Rosenthal in *Brown* stated:

> Allegations that provide such notice could include, but are not limited to, past incidents of misconduct to others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the

> involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy. Those types of details, or any other minimal elaboration a plaintiff can provide, help to satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claim rests, and also to permit the court to infer more than the mere possibility of misconduct. Where a plaintiff provides more than a boilerplate recitation of the grounds for municipal liability and instead makes some additional allegation to put the municipality on fair notice of the grounds for which it is being sued, federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.

*Brown,* 297 F.Supp.3d at 776-7 (citations omitted).

Jeffery Archangel has provided fair notice of his claims against Defendant City of Houston. Plaintiff has identified the policies or customs and practices: falsifying probable cause, manipulating witness recollection, failing to keep and maintain adequate records, manufacturing evidence, and failing to disclose exculpatory evidence. Plaintiff has also identified the causal link in that such policies, customs and practices directly caused Mr. Archangel's lengthy incarceration in the Harris County Jail and time on bond. Moreover, in his amended complaint, Plaintiff has identified a pattern of similar violations, namely the Alfred Brown case, the Gerald Goines case, the improper storage of the 280 boxes of evidence, and the discipline of various homicide division officers, most notably Ryan Chandler (Dkt. 18 at ¶¶ 96-106). Based on these examples, which all received extensive media attention, the City would have known of a pattern of violations at the time of Plaintiff's harm.

Moreover, Defendant City of Houston possesses unique information and knowledge about the policies, practices and customs of which Mr. Archangel

complains.  Accordingly, Plaintiff should be given an opportunity to develop his claims further in discovery.

Therefore, the Court should deny Defendant's motion to dismiss the *Monel*l claims at this early stage and allow Defendants to bring the same arguments after discovery.

## **CONCLUSION**

Mr. Archangel timely filed his complaint which contains sufficient allegations to survive Defendants' motions.  Accordingly, Jeffery Archangel respectfully requests that Defendants' motions to dismiss be denied.

In the alternative, should the Court determine that Jeffery Archangel's complaint fails to state a claim, it is requested that the Court afford Plaintiff Jeffery Archangel the opportunity to amend his complaint under Rule 15(a) before dismissing the action.

Date: January 15, 2025

Respectfully submitted,

Reynal Law Firm, PC

/s/ F. Andino Reynal
F. Andino Reynal
State Bar No.
24060482 917
Franklin, 6th  Floor
Houston, Texas 77002
Phone:  713.228.5900
Fax: (713) 820-0681

areynal@frlaw.us

*Counsel for Jeffery C. Archangel*

## **CERTIFICATE OF SERVICE**

I certify that on this 15th day of January, 2025, a true and correct copy of the foregoing pleading was delivered in accordance with the Federal Rules of Civil Procedure to all ECF notice attorneys of record by filing with the Court.

/s/F. Andino Reynal
F. Andino Reynal