UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFERY C. ARCHANGEL, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-03436 |
| | § | |
| CITY OF HOUSTON, TEXAS; | § | |
| DAVID J. CROWDER; and | § | |
| ALEXANDER S. VINOGRADOV, | § | |
| *Defendants*. | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTIONS TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, the City of Houston ("the City"), Detectives Crowder and Vinogradov, files this Reply to Plaintiff's Response [Doc. #28] to the Defendants' Motions to Dismiss [Docs. #25 and #26]:

**I.  Plaintiff's inability to show lack of probable cause and overcome multiple independent intermediaries defeats his ability to state any claim.**

Rather than address Defendants' arguments and his pleading defects, Plaintiff mistakenly concludes that he need not address the totality of the facts and circumstances that supported probable cause even without the claimed misrepresentations in the warrant applications "at this early stage." Doc. #28 at 11-12. But Plaintiff cannot begin to state a claim for relief or overcome qualified immunity without ***at least*** establishing the lack of probable cause based on the "totality of the facts and circumstances within a police officer's knowledge at the moment of arrest." *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004).

Even assuming Plaintiff satisfied the first steps of the *Franks* by identifying intentional or reckless false statements—which he has not—the Court must consider a reformed probable cause affidavit against the text of the statute for which Plaintiff was arrested. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978); *Melton v. Phillips*, 875 F.3d 256, 264 (5th Cir. 2017) (en banc). Plaintiff offers no authority for his argument that the Court should simply "reject" these standards and disregard the overwhelming independent bases

for probable cause to believe Plaintiff committed both aggravated robbery and capital murder that still, even in hindsight, has not been undermined. *See* Doc. #26 at 11-14 (summarizing independent evidence supporting probable cause); Docs. #26-1 and #26-3 (probable cause statements).

Plaintiff cannot overcome the multiple grand jury indictments and judicial findings of probable cause for further detention after Plaintiff's arrest by merely referring to the implausibly alleged misrepresentations he claims were made in the arrest warrant applications. The complaint is silent about the grand jury proceedings and the probable cause hearings and alleges no facts whatsoever to overcome the actions of multiple independent intermediaries, any of which was sufficient to break the chain of causation and defeat any claim.

## II. Plaintiff's inability to establish a constitutional *Brady* violation.

Rather than address Defendants' arguments for dismissal, Plaintiff's response agrees that it is a "prosecutor's duty" under *Brady* that extends to information in the possession of law enforcement, or that *Brady* encompasses "evidence known only to police investigators and not to the prosecutor." Doc. #28 at 15. This does not create a claim where there was neither a duty to disclose nor a withholding of exculpatory evidence by the Detectives or the City, and the Plaintiff was never subjected to a trial. *Brady* simply is not a pretrial remedy. Doc. #26 at 18.

Plaintiff's response cites out of circuit cases purportedly allowing claims against an officer for alleged *Brady* violations, but none of these involved pretrial "delays" in disclosure of purported evidence. Doc. #28 at 15-16. Indeed, these cases emphasized that *Brady* "is a trial right", *Whitlock v. Brueggemann*, 682 F.3d 567, 587-88 (7th Cir. 2012), and confirm that "the Brady duty to disclose exculpatory evidence to the defendant applies only to a prosecutor." *Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Division of State Police*, 411 F.3d 427, 442 (3d Cir. 2005).

Complaints about the prosecutor's alleged delay in giving Plaintiff recordings that HPD had promptly made available, or the unavailability of the "prosecutor's notes" from a witness interview before

2

the interview was conducted, are frivolous and grossly inadequate to create a nonexistent constitutional violation.

### III. Failure to overcome qualified immunity requires dismissal.

Plaintiff mistakenly claims he need not overcome qualified immunity "at this state [sic] in the proceedings." Doc. #28 at 16. The Plaintiff's failure to plead facts "that demonstrate[d] liability and defeat[d] immunity," and failure to point to controlling law clearly establishing a constitutional violation in the specific circumstances alleged, requires dismissal. *Mayton v. Casas*, 857 F. App'x 794, 796 (5th Cir. 2021) (unpublished) (Plaintiff made no attempt to show that the relevant rights were clearly established at the time of the alleged misconduct. So, he had abandoned any argument that the constables were not entitled to qualified immunity from his 42 U.S.C.S. § 1983 claims) (citing *Shaw v. Villanueva*, 918 F.3d 414, 417 (5th Cir. 2019), and *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993)). Contrary to his belief, Plaintiff may not proceed beyond this stage without overcoming qualified immunity. *Carswell v. Camp*, 37 F.4th 1062 (5th Cir. 2022), *amended on denial of reh'g by* __ F.4th __, No. 21-10171, 2022 U.S. App. LEXIS 33072 at *8-9 (Dec. 1, 2022) (multiple cases and citations omitted).

### IV. Plaintiff cannot be allowed to embark on a fishing expedition having failed to state a plausible claim against the City.

Plaintiff does not meaningfully address his failure to sufficiently plead any element of a claim under *Monell* raised by the City's motion to dismiss and mistakenly argues he need not do so "at this stage." Doc. #28 at 17-18. Plaintiff has failed to plead sufficient facts to proceed to discovery on imagined claims against the City that did not lead to any actionable constitutional violation. The Court "cannot allow [Plaintiff] to embark on an unjustified fishing expedition against the officers or the City to discover facts that might have justified proceeding beyond the Rule 12(b)(6) stage if they had been alleged at the outset." *Clark v. Thompson*, 850 F. App'x 203, 212-13 (5th Cir. 2021). Plaintiff's claims against the City must be dismissed.

## V. Abandonment of claims by failing to meaningfully respond to arguments for dismissal.

Other than statute of limitations, Plaintiff has failed to meaningfully respond to Defendants' arguments for dismissal, effectively abandoning his claims against the Detectives and the City. Plaintiff's claims should be dismissed as a result.[1]

## VI. Plaintiff has not asserted a malicious prosecution claim, either under the Fourth or Fourteenth Amendment; his claims are barred by limitations.

To avoid the statute of limitations, Plaintiff argues the Court should treat his claims as malicious prosecution claims, but he has not even pled a malicious prosecution claim against the Defendants. Plaintiff has only pled Fourth Amendment false arrest claims and purported Fourteenth Amendment violations of due process for delayed disclosure of *Brady* information by prosecutors and negligent investigation – neither of which are actionable under section 1983.

Each of the cases cited in Plaintiff's response distinguished a Fourth Amendment false arrest claim from a malicious prosecution claim either under the Fourth or Fourteenth Amendment. The claims in *Fusilier* were that a "defendant instigated a criminal proceeding with improper purpose and without probable cause." *Fusilier v. Zaunbrecher*, 806 F. App'x 280, 282 (5th Cir. 2020). Malicious prosecution was "therefore most apt when the plaintiff "challenge[s] the integrity of criminal prosecutions undertaken pursuant to legal process." *Id. Melton v. Waxahachie Police Department*, Civil Action No. 3:21-CV-2854-K-BH, 2022 U.S. Dist. LEXIS 150940, at *18 (N.D. Tex. Aug. 8, 2022), involved claims of malicious prosecution under the Fourth and Fourteenth Amendments against detectives and a police department for

---

[1] *See e.g. Chavez v. Alvarado*, No. H-21-867, 2021 U.S. Dist. LEXIS 136568, at *12-13 (S.D. Tex. 2021) (Lee H. Rosenthal, C. J.) (dismissing claims because "plaintiffs did not respond to the argument, effectively abandoning their claims against the Houston Police Department."); citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (the plaintiff's "failure to pursue [a] claim beyond [the] complaint constitute[s] abandonment." (citation omitted)); *Brackens v. Ocwen Loan Servicing, LLC*, No. 3:13-CV-3458, 2015 U.S. Dist. LEXIS 51846, 2015 WL 1808541, at *4 (N.D. Tex. Apr. 21, 2015) ("Because Plaintiff failed to address Defendant's arguments in a response, he has abandoned his wrongful foreclosure claim."). *See also* S. D. Tex. Local Rule 7.4 ("Failure to respond to a motion will be taken as a representation of no opposition."); *Hunter v. City of Hous.*, No. 4:19-cv-02521, 2021 U.S. Dist. LEXIS 186585, at *9 (S.D. Tex. 2021) (Charles Eskridge, J) (dismissing claims for failure to respond to arguments raised in motion).

alleged false and malicious initiation and continuation of criminal proceedings (combined with a detention). Plaintiff asserts no such claims against the City or Detectives here.

Plaintiff has not asserted any valid Fourth or Fourteenth Amendment malicious prosecution claim against the Detectives or City in this case. *See Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (dismissing similar claims). Plaintiff does ***not*** allege the City and Detectives "initiated criminal charges against him without probable cause." Therefore, his claims are more analogous to false arrest and accrued after his arrest and bond hearing in 2017. *Brown v. City of Hous.*, 297 F. Supp. 3d at 759 (quoting *Aly v. City of Lake Jackson*, 453 Fed. App'x 538, 539 ("Aly has ***not*** alleged that the City initiated or continued the criminal proceedings against him without probable cause[,]" therefore his claims were more analogous to false arrest and accrued after his arrest and bond hearing).

Judge Rosenthal's opinion in *Brown*, treating claims of false and malicious initiation of criminal proceedings as malicious prosecution claims, is consistent with Defendants' arguments. *Id.* at 760-61. In contrast, Judge Rosenthal recently dismissed as limitations-barred a false arrest claim like the Plaintiff's in this case that accrued on the date of arrest, although a related malicious prosecution claim accrued when conviction was overturned and was timely. *See James Ybarra v. City of Houston, et al.*, No. H-24-584 in the U.S.D.C., Doc. #26, S. D. Tex. Jan. 5, 2025 (Rosenthal, J.), citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *Johnson v. Harris County*, 83 F.4th 941, 945 (5th Cir. 2023) ("[A] false arrest claim accrues when charges are filed.").

Numerous courts have dismissed similar claims as limitations barred. See *Sandoval v. Bexar Cty.*, No. SA-23-CV-00609-XR, 2024 U.S. Dist. LEXIS 117617 (W.D. Tex. July 3, 2024); *Salazar v. Bexar Cty.*, No. SA-22-CV-01223-OLG, 2024 U.S. Dist. LEXIS 222244, at *8 (W.D. Tex. Dec. 9, 2024).

## **CONCLUSION**

Defendants' motions to dismiss should be granted and Plaintiff's claims dismissed with prejudice.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Section Chief, Torts/Civil Rights

By: */s/ Melissa Azadeh*
Melissa Azadeh
Senior Assistant City Attorney
Attorney in Charge
SBN: 24064851
FBN: 1090186
Tel. (832) 393-6270
melissa.azadeh@houstontx.gov
City of Houston Legal Department
P.O. Box 368
Houston, Texas 77001-0368
**ATTORNEYS FOR DEFENDANTS**
**CITY OF HOUSTON, DAVID J. CROWDER,**
**AND ALEXANDER S. VINOGRADOV**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2025, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District ECF's service rules, and alternatively via certified mail, return receipt requested, and/or e-mail or facsimile transaction to:

F. Andino Reynal
Reynal Law Firm, PC
917 Franklin, 6th Floor
Houston, Texas 77002
Facsimile: (713) 820-0681
areynal@frlaw.us

*/s/ Melissa Azadeh*
Melissa Azadeh